JOHN O'BRYAN
vs.                       September Term, 1849.
FRANCIS A. GIBBONS.

[PARTNERSHIP—INJUNCTION—RECEIVER.]

A Partnership is entered into for a special purpose, to wit, the delivery of 40,000 feet of plank stocks at a certain place. Subsequently, the partnership was dissolved, the defendant agreeing to pay the plaintiff for his interest in the timber at certain rates specified in the contract of dissolution. A bill was then filed to set aside this contract of dissolution on the ground of fraud, and praying for an injunction and the appointment of a Receiver. Upon the motion to dissolve the injunction, it was HELD,—

That in case where a partnership still subsists, to authorize either party to apply for an injunction and the appointment of a Receiver, he must be prepared to show a case of great abuse or strong misconduct. Query— Should not the bill likewise ask for a dissolution of partnership?

After dissolution, the objection to an injunction and the appointment of a Receiver, is not so strong. But to induce the court to exert this strong authority, some urgent and pressing necessity must be shown.

Upon the motion to dissolve, the court cannot decide that the contract of dissolution is void. This contract transferred the legal title to the defendant, and this court is always reluctant to interfere in opposition to the legal title, and will only do so in case of fraud clearly proved, and of imminent danger.

[The facts of this case are fully stated in the Chancellor's opinion.]

The Chancellor :

This case coming before the court upon the motion to dissolve the injunction, and the counsel having been heard on both sides, the bill, answer, and the other proceedings, have been carefully read and attentively considered.

The contract of partnership between these parties was formed on the 21st of January, 1848, and was for the special purpose therein specified, that is, for the delivery of a certain quantity of timber, say, forty thousand feet of plank stocks, to be delivered at Kittery, in the state of Maine, in fulfilment of a contract which one of them, the defendant, had with the Government of the United States. The contract of partnership was by its terms, confined to that particular engagement, and the parties were to divide the profits after the payment of all expenses.

2

Subsequently, on the 28th of August, 1849, the co-partnership was dissolved ; the defendant agreeing by the contract of dissolution, to pay the plaintiff for his undivided one half interest in the timber, at certain rates therein specified.

Shortly afterwards, to-wit, on the 13th of September following, the complainant exhibited his bill in this court, in which, upon the ground that the defendant had been guilty of false and fraudulent representations, and the suppression of material facts, the bill prayed that the contract of dissolution might be declared void, that an account might be taken of the business of the partnership, and that in the meantime an injunction might issue, and a Receiver be appointed, to take possession of the property.

Upon this bill an injunction was ordered, but the application for a Receiver was directed to stand over for the coming in of the answer.

If the partnership which at one time existed between the parties, is to be regarded as still subsisting, then to authorize either party to apply for an injunction, and for the appointment of a Receiver, he must be prepared to show a case of great abuse, or strong misconduct, because in such cases, the interference of the court will probably break up and defeat the purpose for which the association was formed ; and it may admit of grave doubt, whether an injunction in such circumstances should be granted, unless the bill likewise asks for a dissolution of the partnership.  *Story on Partnership; section* 228, 229.  *Gow*, 128.

The objection to the interposition of the Court by way of injunction, and the appointment of a Receiver, is not so strong, after the partnership has been dissolved ; in which event, the court will take care that neither party shall by his own misconduct or abuse, prejudice the rights of the other partner, and will restrain the party guilty of such misconduct by injunction, and in a proper case, by the appointment of a Receiver and Manager, to wind up the concern in a way best conducive to the interests of all.  To induce the Court, however, to exert this strong authority, some urgent and pressing necessity must be shown.  *Story on Partnership, sections* 329, 330.

In the case of *Williamson vs. Wilson*, 1 *Bland*, 418, the

late Chancellor appears to have thought, that before the court could interfere in this way, the insolvency of the firm must be shown, and that the property in question is in imminent danger of loss or destruction.

Upon this preliminary question, the court cannot undertake to decide, that the contract of the 28th of August last, dissolving the partnership, is void. And it must, therefore, at this stage of the cause, at least, be permitted to have its proper influence. Whether, in the obtention of that contract, the defendant practised a fraud upon his co-partner, by concealing from him facts material to be known, in reference to which a good deal of ingenious argument has been addressed to the court, it would be premature now to discuss. By this contract, Gibbons, the defendant, purchased of his co-partner his interest in the timber, at certain stipulated rates, and I do not understand, that it is insisted, that Gibbons is unable or unwilling to settle with his co-partner upon the terms of the contract. There is no allegation of his insolvency or inability, punctually and faithfully, to comply with his engagement.

By that contract, the exclusive legal title was transferred to Gibbons, and it is only in very strong cases, that the court will interfere against such a title, as remarked by the late Chancellor. The court is always reluctant to interfere in opposition to the legal title, and will only do so, in case of fraud clearly proved, and of imminent danger. And this is believed to be the well established rule in such cases.

Now, although I confess, I was struck, during the argument, with some of the circumstances attending the shipment of that portion of the timber laden on board the Henrietta, and although there appeared to me some other circumstances in the case, which require explanation, yet, I do not find in them that strong presumption of fraud which is indispensable to justify the court in disturbing the legal title. And especially am I unwilling so to interfere, when there is no ground for apprehending, that if the complainant succeeds at the final hearing, the defendant will not be abundantly able to pay any sum which may be recovered against him.

One of the grounds of suspicion charged in the bill, and which grew out of the production of an erroneous copy of the

contract of 1849, has been removed by the filing of the original contract, which shows, that the "Kittery contract," as it is called, had been purchased,—the expenses connected with that purchase being expressly provided for.

Upon the best reflection I can give the subject, I am of opinion, that the injunction must be dissolved. To continue it, would unavoidably involve the necessity of putting in a Receiver. And it appears to me, that there is no principle applicable to this extraordinary exercise of the power of the court, which would justify such a course.

BUCHANAN & M'LAUGHLIN for plaintiff.

HORWITZ for defendant.